UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDRA TORIBIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KRAFT HEINZ COMPANY,<br><br>Defendant. | Case No. 1:22-cv-06639<br><br>INITIAL STATUS REPORT |

### JOINT INITIAL STATUS REPORT

Plaintiff Alexandra Toribio ("Plaintiff") and Defendant The Kraft Heinz Company ("Defendant"), by their respective counsel, submit this Joint Initial Status Report pursuant to this Court's Order entered March 20, 2023. *See* Dkt. No. 31.

1. **NATURE OF THE CASE**

    A. **Identity of Attorneys of Record for Each Party.**

**For Plaintiff**

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com

Nick Suciu III
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 483021
Telephone: (313) 303-3472
Email: nsuciu@milberg.com

**For Defendant**

Dean N. Panos
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
Email: dpanos@jenner.com

Kate T. Spelman (*pro hac vice*)
**JENNER AND BLOCK LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
(213) 239-5100
Email: kspelman@jenner.com

Trenton R. Kashima
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
401 West Broadway
Suite 1760
San Diego, CA 92101
212-946-9389
Email: tkashima@milberg.com

Daniel H Markowitz
**THE SULTZER LAW GROUP P.C.**
270 Madison Avenue
Suite 1800
New York, NY 10016
(845) 483-7100
Fax: Pro Hac Vice
Email: markowitzd@thesultzerlawgroup.com

Erin J. Ruben
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
900 W. Morgan Street
Raleigh, NC 27603
(919) 600-5000
Fax: Not a member
Email: eruben@milberg.com

Jason P. Sultzer
**THE SULTZER LAW GROUP**
85 Civic Center Plaza Suite 104
Poughkeepsie, NY 12601
(774) 705-7747
Fax: Pro Hac Vice
Email: sultzerj@thesultzerlawgroup.com

John Hunter Bryson
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
900 W. Morgan Street
Raleigh, NC 27603
(919) 600-5000
Fax: Not a member
Email: hbryson@milberg.com

**Philip Furia**
**THE SULTZER LAW GROUP, P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
201-744-0064
Email: furiap@thesultzerlawgroup.com

      **B. Nature of the Claims.** This putative class action lawsuit is brought by Plaintiff on behalf of all consumers who purchased Capri Sun® Strawberry Kiwi juice drink manufactured, distributed, and sold by Defendant (the "Product"). Plaintiff alleges that the Product contains dangerously high levels of per- and polyfluoralkyl substances ("PFAS"), which Plaintiff alleges are a group of synthetic, man-made, chemicals known to be harmful to both humans and the environment, rendering the products unsafe and illegal to sell, and therefore worthless. Defendant denies these allegations. Based on the above premise, Plaintiff asserts eight claims for relief against Defendant: (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; (2) Violation of the New York Deceptive Trade Practices Act, New York Gen. Bus. Law § 349; (3) Violation of the New York Deceptive Trade Practice Act, New York Gen. Bus. Law § 350, *et seq.*; (4) Violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq.*; (5) Breach of Express Warranty; (6) Fraud; (7) Constructive Fraud; (8) Unjust Enrichment. There are no counterclaims or third-party claims.

      **C. Major Legal and Factual Issues.** Plaintiff asserts claims individually and on behalf of all purchasers of the Product during the fullest extent allowed by law within the United States for personal use and not for resale ("National Class"). Further, Plaintiff seeks to represent during the fullest period allowed by law, all persons who purchased the Product within the State of New York for personal use and not for resale ("New York Subclass").

      The principal factual issues in this case include: (1) the amount of PFAS (if any) found in any Capri Sun® Strawberry Kiwi product; (2) the amount of PFAS (if any) found in the Capri

Sun® Strawberry Kiwi product Plaintiff allegedly purchased; (3) the testing Defendant conducts on the Product; (4) whether Defendant had knowledge of the presence of PFAS in the Product (in the event the Product is found to contain PFAS); and (5) the health effects of PFAS consumption.

The principal legal issues in this case include: (1) whether the "All Natural Ingredients" and "Filtered Water" representations made by Defendant are misleading in the event the Product is found to contain PFAS; (2) whether Plaintiff has standing to pursue any relief; (3) whether Defendant is liable for any omissions in the event the Product is found to contain PFAS; (4) whether Plaintiff can prevail on a claim based on "adulteration"; (5) whether the presence of PFAS in the Product is material to consumers; (6) the nature of the relief to which Plaintiff and the class are entitled; and (7) whether the facts support certification under Rule 23.

**D. Relief Sought.** Plaintiff seeks damages, injunctive relief, and reasonable attorneys' fees and expenses and costs of suit. Defendant denies Plaintiff is entitled to any such relief.

**2.    JURISDICTION**

This Court has subject matter jurisdiction over this putative class action pursuant to 28 U.S.C. § 1332(d)(2) because the aggregate claims of the putative Class and Subclass allegedly exceed $5,000,000, at least one of the members of the proposed classes is a citizen of a different state than Defendant, and there are allegedly more than 100 members of the Class. Plaintiff alleges that she and members of the putative National Class and New York Subclass paid for Capri Sun® Strawberry Kiwi products that are economically worthless. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class and Subclass. Plaintiff is a citizen of New York, and Defendant is a citizen of Illinois, Delaware, and Pennsylvania.

4

3. **STATUS OF SERVICE**

Defendant executed a waiver of service on December 7, 2022. ECF No. 4.

4. **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

Counsel have advised the Parties that they may proceed before a Magistrate Judge if they consent unanimously. The Parties do not consent to proceed before a Magistrate Judge.

5. **MOTIONS**

   A. **All Pending Motions.** Defendant filed a Motion to Dismiss Plaintiff's Amended Class Action Complaint on April 21, 2023. ECF Nos. 34, 35. Plaintiff's Opposition to Defendant's Motion to Dismiss is due by May 19, 2023. ECF No. 26. Defendant's Reply in Support of its Motion to Dismiss is due by June 9, 2023. *Id.*

   B. **Response to Complaint.** As noted, Defendant responded to the Amended Class Action Complaint by means of motion to dismiss.

6. **CASE PLAN**

   A. **Proposed Discovery Plan**

   i. **Type of Discovery Required and Timing.** No discovery has been taken to date.

   1. <u>Plaintiff's Position:</u> Plaintiff anticipates the need to conduct written and oral discovery on, without limitation, the following areas: (i) pricing, sales data, and profits related to the sale of the Product; (ii) marketing and advertising materials used in connection with the Product; (iii) internal documents and communications regarding the creation of, sale, marketing, and advertising of the Product; (iv) internal documents and communications regarding the testing of the

Product for PFAS; (v) internal documents and communications regarding the testing of the Product to ensure it contains "filtired water"; (vi) all internal documents describing or relating to Defendant's process and methods for producing and manufacturing the Product.

2. Defendant's Position: Defendant does not object to making its initial disclosures in short order and ensuring that materials are preserved but believes fact discovery should not commence until after this Court rules on Defendant's pending motion to dismiss (and only if the Court denies the motion). "District courts enjoy extremely broad discretion in controlling discovery," and "may limit the scope of discovery or control its sequence" in order to protect a party from "oppression[] or undue burden or expense." *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-1531, 2008 WL 4812440, at *1 (N.D. Ill. Oct. 28, 2008) (quoting Fed. R. Civ. P. 26(c)(1)). Courts routinely stay discovery in advance of ruling on motions to dismiss, particularly in cases where "discovery may be especially burdensome and costly to the parties." *Id.* at *2; *see also Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (holding in "big cases" with potentially large damages, "the defendant should not be put to the expense of big-case discovery" until the court is satisfied the claims are plausible); *Bilal v. Wolf*, No. 06-6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (observing "stays are granted

6

with substantial frequency" during the pendency of a motion to dismiss).

Defendant has strong arguments that will terminate the litigation on the pleadings and therefore should not have to bear the substantial costs of discovery. Defendant expects discovery to be onerous and costly, the burden of which will fall almost entirely on Defendant because of the "asymmetrical nature of discovery in class actions." *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 665 (9th Cir. 2020) (explaining that "class action plaintiffs typically possess no or very limited discoverable materials," and "thus have an incentive to seek aggressive discovery . . . without fear of reciprocally burdensome discovery"). Plaintiff, by contrast, will suffer no prejudice if fact discovery is delayed until after the Court rules on Defendant's motion to dismiss.

Defendant intends to seek discovery regarding the allegations in Plaintiff's Amended Class Action Complaint and the factual bases for them. For example, Defendant intends to seek discovery on the factual bases for Plaintiff's allegation that the Product contains PFAS and the amount of PFAS allegedly contained in the Product, including any testing Plaintiff has performed. Defendant also plans to seek discovery on the alleged scientific evidence linking the alleged PFAS in the Product to the harms Plaintiff alleges. Defendant further intends to seek discovery

regarding Plaintiff's alleged exposure to PFAS in the Product, exposure to other sources of PFAS and their cumulative impact, and any harm Plaintiff allegedly suffered as a result.

ii. **Proposed Schedule.** The Parties propose the following discovery and motion deadlines:

| Discovery Item | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| **Rule 26(a)(1) disclosures** | May 30, 2023 | May 30, 2023 |
| **First Date by Which to Issue Written Discovery** | June 13, 2023 | 7 days after the Court rules on Defendant's motion to dismiss (if denied) |
| **Plaintiff's Motion for Class Certification and Disclosure of Class Certification Expert Reports** | March 22, 2024 | 270 days after the Court rules on Defendant's motion to dismiss (if denied) |
| **Defendant's Opposition to Class Certification and Disclosure of Rebuttal Class Certification Expert Reports** | May 1, 2024 | 60 days after filing of Plaintiff's Motion for Class Certification |
| **Plaintiff's Reply In Support of Class Certification** | June 1, 2024 | 30 days after filing of Defendant's Opposition to Class Certification |
| **Fact Discovery Completion** | 90 days after the Court's ruling on Plaintiff's Motion for Class Certification | 90 days after the Court's ruling on Plaintiff's Motion for Class Certification |
| **Expert (Merits) Disclosures** | 30 days after the close of fact discovery | 30 days after the close of fact discovery |
| **Rebuttal (Merits) Disclosures** | 30 days after disclosure of merits experts | 30 days after disclosure of merits experts |
| **Expert Discovery Completion** | 30 days after disclosure of rebuttal experts | 30 days after disclosure of rebuttal experts |

| | | |
|---|---|---|
| **Motions for Summary Judgment and *Daubert* Motions** | 30 days after the close of expert discovery | 30 days after the close of expert discovery |
| **Oppositions to Motions for Summary Judgment and *Daubert* Motions** | 45 days after opening briefs | 45 days after opening briefs |
| **Replies In Support of Motions for Summary Judgment and *Daubert* Motions** | 21 days after opposition briefs | 21 days after opposition briefs |

B. **Trial.** Plaintiff has requested a jury trial. Defendant also requests a jury trial for all issues so triable. The Parties anticipate the trial will take ten days.

C. **Service of Papers by Electronic Means.** The Parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

7. **STATUS OF SETTLEMENT DISCUSSIONS**

The Parties have not had any settlement discussions. The Parties do not request a settlement conference at this time.

Dated: May 4, 2023                     Respectfully submitted,

By: */s/ Gary Klinger*

Gary Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
221 West Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

Nick Suciu III*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472

nsuciu@milberg.com

Erin Ruben
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
900 W. Morgan Street
Raleigh, NC 27603
T: 919-600-5000
eruben@milberg.com

J. Hunter Bryson*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 E 50th Street
New York, NY 10022
Tel: (630) 796-0903
hbryson@milberg.com

Jason P. Sultzer, Esq.*
Daniel Markowitz, Esq.*
**THE SULTZER LAW GROUP P.C.**
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com

*Attorneys for Plaintiff*

**JENNER AND BLOCK LLP**

By: */s/ Dean N. Panos*

**Dean N. Panos**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
Email: dpanos@jenner.com

**Kate T. Spelman** (*pro hac vice*)
Jenner and Block LLP
515 South Flower Street, Suite 3300
Los Angeles, CA 90071

10

(213) 239-5100
Email: kspelman@jenner.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Dean N. Panos, hereby certify that on May 4, 2023, a copy of the foregoing document was filed electronically using the CM/ECF System, which will send notification of such filing to all counsel of record.

By: */s/ Dean N. Panos*
Dean N. Panos