# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDRA TORIBIO, individually and on behalf of all others similarly situated, | Case No. 1:22-CV-06639 |
| Plaintiff, | The Honorable Lindsay C. Jenkins |
| v. | |
| THE KRAFT HEINZ COMPANY, | |
| Defendant. | |

## REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

**JENNER & BLOCK LLP**

Dean N. Panos (ARDC No. 6203600)
353 North Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
Fax: (312) 527-0484
DPanos@jenner.com

Kate T. Spelman (*pro hac vice*)
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199
KSpelman@jenner.com

Attorneys for Defendant
The Kraft Heinz Company

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 1

I.     Plaintiff's Testing Allegations Are Insufficient.................................................... 1

II.    Plaintiff Lacks Article III Standing........................................................................ 3

     A.    Plaintiff Lacks Standing Because She Does Not Plausibly Allege That the
Specific Product She Purchased Contained PFAS........................................ 3

     B.    Plaintiff Lacks Standing Because She Fails to Allege an Imminent Risk of
Harm Associated with Consuming the Product. ......................................... 6

     C.    Plaintiff Lacks Standing to Seek Injunctive Relief..................................... 8

III.   Plaintiff's Consumer Protection Claims Fail. ..................................................... 9

     A.    Plaintiff Does Not Plausibly Allege Affirmative Misrepresentations. .............. 9

     B.    Plaintiff Does Not Plausibly Allege a Basis for Requiring Disclosure. ........... 10

     C.    Plaintiff Does Not Plausibly Allege Materiality................................................ 11

     D.    Plaintiff Cannot State a GBL Claim Based on Adulteration. .......................... 12

IV.   Plaintiff's Failure to Disclose Claims Are Preempted................................. 13

V.    Plaintiff's Ancillary Claims Fail........................................................................ 14

CONCLUSION................................................................................................................ 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Aqua Dots Prod. Liab. Litig.*,
    654 F.3d 748 (7th Cir. 2011) .................................................................6

*Barnes v. Unilever United States Inc.*,
    No. 21-6191, 2022 WL 2915629 (N.D. Ill. July 24, 2022) ................4, 7

*Barnes v. Unilever United States Inc.*,
    No. 21-6191, 2023 WL 2456385 (N.D. Ill. Mar. 11, 2023) ................13

*Barreto v. Westbrae Nat., Inc.*,
    518 F. Supp. 3d 795 (S.D.N.Y. 2021).................................................12

*Bonte v. U.S. Bank, N.A.*,
    624 F.3d 461 (7th Cir. 2010) .................................................................9

*Bowen v. Energizer Holdings, Inc.*,
    No. 21-4356, 2022 WL 18142508 (C.D. Cal. Aug. 29, 2022) ..............5

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) .................................................................8

*Carrol v. S.C. Johnsons & Son, Inc.*,
    No. 17-5828, 2018 WL 1695421 (N.D. Ill. Mar. 29, 2018) ..............2, 3

*Castillo v. Unilever United States, Inc.*,
    No. 20-6786, 2022 WL 704809 (N.D. Ill. Mar. 9, 2022) .....................7

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983).................................................................................8

*Cleary v. Philip Morris Inc.*,
    656 F.3d 511 (7th Cir. 2011) ...............................................................15

*Clinger v. Edgewell Pers. Care Brands, LLC*,
    No. 21-1040, 2023 WL 2477499 (D. Conn. Mar. 13, 2023) ............4, 13

*Cornelia Fifth Ave., LLC v. Canizales*,
    No. 12-7660, 2016 WL 5390894 (S.D.N.Y. Sept. 26, 2016) ..............15

*Cummings v. FCA US LLC*,
    401 F. Supp. 3d 288 (N.D.N.Y. 2019)................................................10

*Davis v. Hain Celestial Grp., Inc.*,
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) ....................................................................15

*Floyd v. Am. Honda Motor Co.*,
    966 F.3d 1027 (9th Cir. 2020) ...........................................................................15

*Freeman v. MAM USA Corp.*,
    528 F. Supp. 3d 849 (N.D. Ill. 2021) ...................................................................8

*In re Fruit Juice Prod. Mktg. & Sales Pracs. Litig.*,
    831 F. Supp. 2d 507 (D. Mass. 2011) ..................................................................7

*In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*,
    No. 21-269, 2022 WL 10197651 (E.D. Va. Oct. 17, 2022)....................................7

*Grossman v. Simply Nourish Pet Food Co. LLC*,
    516 F. Supp. 3d 261 (E.D.N.Y. 2021) ..................................................................9

*Gubala v. CVS Pharmacy, Inc.*,
    No. 14-9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016) ................................2, 3

*Gubala v. HBS Int'l Corp.*,
    No. 14-9299, 2016 WL 2344583 (N.D. Ill. May 4, 2016).....................................2, 3

*Harris v. Pfizer Inc.*,
    586 F. Supp. 3d 231 (S.D.N.Y. 2022)...................................................................10

*Henning v. Luxury Brand Partners, LLC*,
    No. 22-7011, 2023 WL 3555998 (N.D. Cal. May 11, 2023)..................................13

*In re Herbal Supplements Mktg. & Sales Pracs. Litig.*,
    No. 15-5070, 2017 WL 2215025 (N.D. Ill. May 19, 2017)......................................2

*Howze v. Mondelēz Global LLC*,
    No. 22-351, 2023 WL 122307 (W.D.N.Y. Jan. 5, 2023).........................................15

*Huertas v. Bayer U.S., LLC*,
    No. 21-20021, 2023 WL 3773139 (D.N.J. May 23, 2023)....................................4, 7

*Kanan v. Thinx Inc.*,
    No. 20-10341, 2021 WL 4464200 (C.D. Cal. June 23, 2021)..........................2, 3, 7

*Kimca v. Sprout Foods, Inc.*,
    No. 21-12977, 2022 WL 1213488 (D.N.J. Apr. 25, 2022)......................................7

*Herrington v. Johnson & Johnson Consumer Companies, Inc.*,
    No. 09-1597, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010)...............................7, 11

*Kommer v. Bayer Consumer Health*,
 252 F. Supp. 3d 304 (S.D.N.Y. 2017), *aff'd* 710 F. App'x 43 (2d Cir. 2018) ........................... 9

*Mills v. Giant of Maryland, LLC*,
 441 F. Supp. 2d 104 (D.D.C. 2006), *aff'd*, 508 F.3d 11 (D.C. Cir. 2007) .............................. 14

*Muir v. NBTY, Inc.*,
 No. 15-9835, 2016 WL 5234596 (N.D. Ill. Sept. 22, 2016) ...................................... 2, 3

*Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*,
 875 F.3d 107 (2d Cir. 2017) ................................................................ 12

*Onaka v. Shiseido Americas Corp.*,
 No. 21-10665, 2023 WL 2663877 (S.D.N.Y. Mar. 28, 2023) ..................................... 5

*Parks v. Ainsworth Pet Nutrition, LLC*,
 377 F. Supp. 3d 241 (S.D.N.Y. 2019) ....................................................... 11

*Petrosino v. Stearn's Prod., Inc.*,
 No. 16-7735, 2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) ..................................... 9

*In re Recalled Abbott Infant Formula Prod. Liab. Litig.*,
 Nos. 22-338, 22-1322, 2023 WL 3585759 (N.D. Ill. May 22, 2023) ......................... 4, 5, 6

*Rivera v. Lake Cnty.*,
 974 F. Supp. 2d 1179 (N.D. Ill. 2013) ....................................................... 1

*Rocha v. Rudd*,
 826 F.3d 905 (7th Cir. 2016) ............................................................... 14

*Schloegel v. Edgewell Pers. Care Co.*,
 No. 21-631, 2022 WL 808694 (W.D. Mo. Mar. 16, 2022) ...................................... 3

*Segedie v. Hain Celestial Grp., Inc.*,
 No. 14-5029, 2015 WL 2168374 (S.D.N.Y. May 7, 2015) ..................................... 9

*In re Sling Media Slingbox Advert. Litig.*,
 202 F. Supp. 3d 352 (S.D.N.Y. 2016) ....................................................... 10

*Solis v. Coty, Inc.*,
 No. 22-400, 2023 WL 2394640 (S.D. Cal. Mar. 7, 2023) .................................... 4, 5

*Stuve v. Kraft Heinz Co.*,
 No. 21-1845, 2023 WL 184235 (N.D. Ill. Jan. 12, 2023) ..................................... 14

*Turk v. Rubbermaid Inc.*,
 No. 21-270, 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ..................................... 12

*United States v. Anderson Seafoods, Inc.*,
    622 F.2d 157 (5th Cir. 1980) ............................................................................13

*Valley Forge Christian Coll. v. Americans United for Separation of Church &*
    *State, Inc.*,
    454 U.S. 464 (1982)......................................................................................8

*Velez v. RM Acquisition, LLC*,
    No. 21-2779, 2023 WL 3043239 (N.D. Ill. Apr. 21, 2023)....................................15

*Wallace v. ConAgra Foods, Inc.*,
    747 F.3d 1025 (8th Cir. 2014) ...........................................................................3

*Warren v. Whole Foods Mkt. California, Inc.*,
    No. 21-4577, 2022 WL 2644103 (N.D. Cal. July 8, 2022) ................................2, 3

*Zachmann v. Coleman Co. Inc.*,
    No. 20-9146, 2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) ....................................12

**Statutes**

21 U.S.C. § 342(a)(1)............................................................................................12

N.Y. Gen. Bus. § 349 ...........................................................................................12

N.Y. Gen. Bus. § 350 ...........................................................................................12

N.Y. Agric. & Mkts. § 200 ....................................................................................12

Pub. L. 101-535, section 6, 104 Stat. 2343 (1990) ......................................................14

**Other Authorities**

21 C.F.R. § 101.100(a)(3)(iii)..................................................................................13

## INTRODUCTION

Plaintiff's Opposition confirms that there is no limiting principle associated with the disclosure obligation she seeks to impose on Kraft Heinz. According to Plaintiff, "the presence of PFAS at *any* level is unacceptable" (Dkt. 41 ("Opp'n") at 2), even though PFAS are ubiquitous in the environment and permitted in public drinking water at levels far above those Plaintiff allegedly found in Kraft Heinz's six-ounce Strawberry Kiwi Capri Sun® juice pouch (the "Product").

Moreover, Plaintiff seeks to hold Kraft Heinz liable for the alleged presence of PFAS in the Product without alleging *any* facts about the independent testing that forms the basis of her Amended Complaint (Dkt. 30 ("AC")). Given that Plaintiff does not and cannot allege that PFAS are intentionally added to the Product such that their presence could be presumed across all Strawberry Kiwi Capri Sun® pouches, Plaintiff's failure to disclose the details of her alleged testing leaves this Court without any basis to conclude that Plaintiff plausibly alleged PFAS are present in *any* Product pouches other than the one Plaintiff allegedly tested, including those Plaintiff purchased. Plaintiff's pleading failures negate her ability to establish standing or to state a claim and require dismissal of this lawsuit with prejudice and without leave to amend.[1]

## ARGUMENT

### I.    Plaintiff's Testing Allegations Are Insufficient.

Absent information about her alleged independent testing, Plaintiff's allegations of mislabeling are implausible. Indeed, Plaintiff's claims all depend on her allegation that the Product contains "material levels of numerous PFAS chemicals," yet Plaintiff fails to allege, among other things, the actual levels of PFAS or the "numerous PFAS chemicals" allegedly found in the

---

[1] Plaintiff does not oppose Kraft Heinz's Request for Judicial Notice. The Court should therefore grant it in its entirety. *See, e.g.*, *Rivera v. Lake Cnty.*, 974 F. Supp. 2d 1179, 1187 (N.D. Ill. 2013) (taking judicial notice of document where plaintiff did not oppose request for judicial notice).

Product, how the testing was conducted and what was actually tested, and why her alleged testing should be extrapolated across all Strawberry Kiwi Capri Sun® pouches.  AC ¶ 65.

Plaintiff does not identify any material differences between this case and the cases Kraft Heinz cited in its Motion.  *See* Opp'n at 6 n.2.  In those cases, the courts dismissed the plaintiffs' claims where they relied on testing to support their theory of deception yet provided no information about the test methodology or findings.  *See* Dkt. 35 ("Mot.") at 7–8.  Here too, Plaintiff cannot plausibly allege that Kraft Heinz omitted information about the presence of PFAS on labeling across the Product line when she provides no information about the testing that would lead to the plausible inference that PFAS are present at any consistent level (or even at all).

Plaintiff's cited cases are inapposite.  Setting aside for the moment *Kanan v. Thinx Inc.*, No. 20-10341, 2021 WL 4464200 (C.D. Cal. June 23, 2021), none are premised on allegations that a product contained unintended contaminants.  *See Gubala v. CVS Pharmacy, Inc.*, No. 14-9039, 2016 WL 1019794, at *1 (N.D. Ill. Mar. 15, 2016) (protein type/content); *Gubala v. HBS Int'l Corp.*, No. 14-9299, 2016 WL 2344583, at *1 (N.D. Ill. May 4, 2016) (protein type/content); *In re Herbal Supplements Mktg. & Sales Pracs. Litig.*, No. 15-5070, 2017 WL 2215025, at *1 (N.D. Ill. May 19, 2017) (alleging product did not contain what was listed on labels); *Carrol v. S.C. Johnsons & Son, Inc.*, No. 17-5828, 2018 WL 1695421, at *2 (N.D. Ill. Mar. 29, 2018) (misrepresentations about sunscreen SPF); *Warren v. Whole Foods Mkt. California, Inc.*, No. 21-4577, 2022 WL 2644103, at *1 (N.D. Cal. July 8, 2022) (artificial vanilla); *Muir v. NBTY, Inc.*, No. 15-9835, 2016 WL 5234596, at *1 (N.D. Ill. Sept. 22, 2016); (misrepresentations about presence of active ingredient).  This is a key distinction: While there would be no reason to expect variation across the products in those cases, here there is no reason to presume the *consistency* of PFAS across the Products absent testing allegations supporting that presumption (which Plaintiff has not provided).

Nonetheless, in most of Plaintiff's cited cases, the plaintiffs did allege specific facts about their testing results. *CVS Pharmacy*, 2016 WL 1019794, at *7 (attaching test result); *HBS*, 2016 WL 2344583, at *4 (same); *Muir*, 2016 WL 5234596, at *1 (same); *Carrol*, 2018 WL 1695421, at *2 (alleging results of testing); *Warren*, 2022 WL 2644103, at *1 (alleging specific levels of substance found).[2]  Here, Plaintiff fails to plead any facts supporting her testing allegations, even though such facts are in her exclusive knowledge.  This failure sinks all of her claims.

## II.     Plaintiff Lacks Article III Standing.

### A.     Plaintiff Lacks Standing Because She Does Not Plausibly Allege That the Specific Product She Purchased Contained PFAS.

Plaintiff does not dispute that she fails to allege the specific product she purchased contained PFAS.  Rather, she contends it is sufficient to allege that she "would not have purchased the Product had she known of the *risk* it contained PFAS, whether the particular unit of the Product Plaintiff purchased contain[ed] PFAS."  Opp'n at 8.  Her position is inconsistent with Article III.

A plaintiff cannot have suffered injury from an alleged risk of contamination if she purchased an uncontaminated product.  Put another way, a plaintiff cannot plausibly allege that she paid more for or would not have purchased the product if she received exactly what she thought she was purchasing.  *See, e.g.*, *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1031 (8th Cir. 2014) (finding plaintiffs lacked standing where "it [was] pure speculation to say the particular packages sold to the consumers were tainted . . . , while it [was] quite plausible [defendant] sold the consumers *exactly what was promised*"); *Schloegel v. Edgewell Pers. Care Co.*, No. 21-631, 2022 WL 808694, at *2 (W.D. Mo. Mar. 16, 2022) (because plaintiff "failed to allege that she

---

[2]   *Kanan*, which preceded the recent wave of decisions dismissing PFAS and other microcontaminant cases, is inconsistent with Article III and the pleading requirements under the Federal Rules.

actually purchased . . . products which were adulterated with benzene," she "failed to allege that she did not receive exactly what [defendant] promised: an unadulterated sunscreen product").[3]

Even assuming that a risk of contamination could in some circumstances support Article III standing, Plaintiff's allegations of such risk are implausible and unsupported here, as she fails to allege any facts suggesting that her alleged testing results somehow reflect the contents of all or even a majority of the Products.  *See* Mot. at 9.  Notably, the court in *Solis v. Coty, Inc.*, which Plaintiff cited, held that, although a plaintiff "need not explicitly allege the unit of Product she purchased actually contained PFAS or that all units of the Product contain PFAS," she must still allege "facts from which this Court can make such reasonable inferences."  No. 22-400, 2023 WL 2394640, at *11 (S.D. Cal. Mar. 7, 2023); *see also Huertas v. Bayer U.S., LLC*, No. 21-20021, 2023 WL 3773139, at *10 (D.N.J. May 23, 2023) (plaintiffs lacked standing where they were "unable to establish a plausible inference that every Product at issue, including those purchased by Plaintiffs, also contained benzene and excessive levels of such").  There are no such facts here.

Plaintiff's reliance on *Barnes v. Unilever United States Inc.*, No. 21-6191, 2022 WL 2915629 (N.D. Ill. July 24, 2022), and *Clinger v. Edgewell Pers. Care Brands, LLC*, No. 21-1040, 2023 WL 2477499 (D. Conn. Mar. 13, 2023), is misplaced.  The testing on which both plaintiffs relied—which was conducted by the independent lab Valisure—permitted a plausible inference that the plaintiffs themselves had purchased contaminated products.  Indeed, Judge Kennelly recently distinguished his *Barnes* decisions on precisely this basis in holding that a plaintiff lacked standing to seek economic damages related to infant formula allegedly contaminated with bacteria. *In re Recalled Abbott Infant Formula Prod. Liab. Litig.*, Nos. 22-338, 22-1322, 2023 WL 3585759,

---

[3] Although Plaintiff contends that Kraft Heinz's standing argument "is contrary to Seventh Circuit law," Plaintiff fails to cite a single Seventh Circuit case supporting her position.  Opp'n at 8.

at *4 (N.D. Ill. May 22, 2023). He noted that while "[t]he plaintiffs in *Barnes* . . . provided factual support to substantiate the alleged risk of contamination, including that benzene was detected in a majority of over a hundred product batches tested" such that "it was plausible that the plaintiffs in *Barnes* had purchased products contaminated with benzene," the *Abbott* plaintiff had "not alleged any facts regarding the percentage of products or lots sold by Abbott that were contaminated." *Id.* at *4–5. In *Clinger*, the plaintiffs similarly alleged the Valisure testing "revealed widespread benzene contamination." No. 21-1040, Dkt. 89 ¶ 43 (D. Conn. Apr. 18, 2022).

Like the plaintiff in *Abbott*, Plaintiff has failed to allege "any facts regarding the percentage of products or lots sold by [Kraft Heinz]" that allegedly contained PFAS. 2023 WL 3585759, at *4. Indeed, Plaintiff's bare-bones testing allegations provide no basis to conclude that she detected PFAS in more than a single sample of the Product. Because there are no "facts from which this Court can make [a] reasonable inference[]" "that all units of the Product contain PFAS," *Solis*, 2023 WL 2394640, at *11, Plaintiff's claims must be dismissed for lack of standing. *See Onaka v. Shiseido Americas Corp.*, No. 21-10665, 2023 WL 2663877, at *5 (S.D.N.Y. Mar. 28, 2023) (plaintiffs lacked standing where they "provid[ed] no facts from which the Court could extrapolate that their isolated testing should apply broadly to Defendant's Products"); *Bowen v. Energizer Holdings, Inc.*, No. 21-4356, 2022 WL 18142508, at *4 (C.D. Cal. Aug. 29, 2022) (plaintiff lacked standing "because there [were] no allegations Plaintiff's sunscreen actually contained benzene – only an attenuated possibility that the sunscreen may have contained benzene").[4]

---

[4] Plaintiff attempts to distinguish *Onaka* on the basis that the *Onaka* plaintiffs did not allege "that PFAS rendered their products adulterated or misbranded under the FDCA and parallel state statutes," but this supposed distinction has no bearing on the standing analysis. Opp'n at 9.

**B.      Plaintiff Lacks Standing Because She Fails to Allege an Imminent Risk of Harm Associated with Consuming the Product.**

Because Plaintiff fails to allege that she suffered any physical harm or faces an imminent risk of physical harm from consuming the Product, she cannot plausibly allege that she paid more for or would not have purchased the Product.  Numerous courts have found that plaintiffs lacked standing in similar circumstances.  *See* Mot. at 11–13.

The only Seventh Circuit case on which Plaintiff relies in opposition, *In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748 (7th Cir. 2011), is distinguishable.  In that case, the challenged products all contained the same defect—a chemical that metabolized into an acid, which could induce health problems when ingested.  *Id.* at 749.  Multiple children swallowed the product and were injured. *Id.* at 750.  The court found that the purchasers whose children did not swallow the product nonetheless had standing based on economic injury.   *See id.* at 750–51.  Because all products contained the defect, and all purchasers and their children could be harmed upon ingestion, consumers could plausibly allege they would not have purchased the product if they had known of the defect. *See Abbott*, 2023 WL 3585759, at *3 (noting that in *Aqua Dots*, "the plaintiffs alleged a uniform defect in every product," and therefore they "did not also have to allege that the defect manifested in physical injury to have standing").  In contrast, Plaintiff does not plausibly allege the presence of PFAS across all Product pouches.  Nor does Plaintiff allege that anyone has been physically injured or faces an imminent risk of physical injury from the Product.

Plaintiff's remaining district court cases from within the Seventh Circuit all cite *Aqua Dots* for the uncontroversial proposition that economic injury can constitute an injury-in-fact in false advertising cases.  *See* Opp'n at 11–12.  But that is not the issue.  A plaintiff cannot establish economic injury in a case involving an allegedly contaminated product where the product

performed exactly as expected and did not cause or create an imminent risk of physical harm.[5]

The recent baby food cases cited in Kraft Heinz's Motion—*Kimca v. Sprout Foods, Inc.*, No. 21-12977, 2022 WL 1213488 (D.N.J. Apr. 25, 2022), and *In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*, No. 21-269, 2022 WL 10197651 (E.D. Va. Oct. 17, 2022)—are more apposite here. In both, the plaintiffs alleged that they would not have purchased or would have paid less for the defendants' baby food products if they had known those products contained heavy metals. *See Kimca*, 2022 WL 1213488, at *1–2; *Gerber*, 2022 WL 10197651, at *2. The courts dismissed the suits for lack of standing, finding that, although the plaintiffs generally alleged that heavy metal consumption could cause harm, they failed to allege that the heavy metals in the challenged products caused or were likely to cause harm. *See Kimca*, 2022 WL 1213488, at *8–9; *Gerber*, 2022 WL 10197651, at *7, 10; *see also Huertas*, 2023 WL 3773139, at *10 (finding plaintiffs lacked standing because they had "not presented a particularized account of the actual harm caused, and instead present[ed] mere conjecture in asserting . . . some hypothetical, future physical harm may befall them from use of the product").[6]

---

[5] Of Plaintiff's cited cases, only *Castillo v. Unilever United States, Inc.*, No. 20-6786, 2022 WL 704809 (N.D. Ill. Mar. 9, 2022), *Barnes*, and *Kanan* concern allegedly adulterated products. To the extent those courts found standing based on conclusory allegations that the challenged products could cause harm, Kraft Heinz respectfully disagrees with those holdings, which are contrary to the weight of authority.

[6] Plaintiff attempts to distinguish *Kimca*, *Gerber*, and the other cases Kraft Heinz cited in its Motion on the ground that the plaintiffs in those cases did not allege affirmative misrepresentations. *See* Opp'n at 12 & n.3. Her argument is unavailing. As an initial matter, *Kimca*, *Herrington v. Johnson & Johnson Consumer Companies, Inc.*, No. 09-1597, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010), and *In re Fruit Juice Prod. Mktg. & Sales Pracs. Litig.*, 831 F. Supp. 2d 507 (D. Mass. 2011), did involve allegations of affirmative misrepresentations. And Plaintiff also does not explain why the standing inquiry should be different because she is alleging affirmative misrepresentations. In any event, Plaintiff's affirmative misrepresentation allegations are implausible, as Kraft Heinz makes no representations promising the absence of PFAS.

Here, similarly, Plaintiff does not allege any facts supporting potential harm from exposure to PFAS *in the Product*. Instead, she relies on the EPA's interim *lifetime* health advisory level for PFOA in drinking water, which she misleadingly refers to as the EPA's "current recommended levels of exposure" and which is plainly inapplicable to a six-ounce juice pouch, and she ignores the EPA's proposed permissible level of PFOA in municipal water sources, which is well above any level allegedly found in the Product. Accordingly, Plaintiff lacks standing.

### C.    Plaintiff Lacks Standing to Seek Injunctive Relief.

To pursue injunctive relief, Plaintiff must allege a "sufficient likelihood that [s]he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Consistent with *Lyons* and other Supreme Court precedent, the Seventh Circuit held in *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014), (which Plaintiff notably does not address), that a plaintiff who is "now aware of" the defendant's "sales practices" "is not likely to be harmed by the practices in the future" and therefore lacks standing to seek injunctive relief. *Id.* at 740–41. Even taking as true Plaintiff's allegation that she "continues to desire to purchase the Product," (AC ¶ 130), she cannot plausibly allege that she will "again be wronged in a similar way" because she now knows of the alleged PFAS in the Product. *Lyons*, 461 U.S. at 111.

Plaintiff seeks to avoid dismissal by relying on cases in which courts ignored Article III for policy reasons. *See* Opp'n at 12–13. But such policy concerns are overstated, and, in any event, cannot override the constitutional limitations on standing. *See, e.g.*, *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982) ("[N]either the counsels of prudence nor the policies implicit in the 'case or controversy' requirement should be mistaken for the rigorous Art. III requirements themselves."); *Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 858 (N.D. Ill. 2021) (rejecting public policy concerns as overblown and holding that, "no matter how compelling," such concerns "cannot trump the Article

III standing requirement."). Thus, Plaintiff plainly lacks standing to seek injunctive relief.

## III.    **Plaintiff's Consumer Protection Claims Fail.**

### A.    **Plaintiff Does Not Plausibly Allege Affirmative Misrepresentations.**

Plaintiff does not dispute that the reasonable consumer standard applies to her affirmative misrepresentation claims. *See* Opp'n at 13–14. Rather, she asserts that a reasonable consumer analysis "should not be performed at this stage." *Id.* at 13. This is incorrect, as the reasonable consumer inquiry is "objective" and "may be resolved as a matter of law on a motion to dismiss." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 311 (S.D.N.Y. 2017), *aff'd* 710 F. App'x 43 (2d Cir. 2018).[7] Moreover, this inquiry requires dismissal of Plaintiff's claims.

Plaintiff fails to persuasively respond to Kraft Heinz's argument that nothing about the challenged representations promises the absence of PFAS. *See* Mot. at 17–19. Indeed, Plaintiff's Opposition does not even attempt to address any of the challenged representations aside from "All Natural Ingredients." And Plaintiff completely ignores the modifier "ingredients" and the fact that PFAS are not alleged to be intentionally added to the Products, citing inapposite cases in which the defendants labeled their products as "natural" despite the presence of allegedly unnatural or synthetic *ingredients*. *See Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 266, 268 (E.D.N.Y. 2021) (dog food labeled as "Natural Food"); *Petrosino v. Stearn's Prod., Inc.*, No. 16-7735, 2018 WL 1614349, at *1–2 (S.D.N.Y. Mar. 30, 2018) (cosmetic products labeled as "natural"); *Segedie v. Hain Celestial Grp., Inc.*, No. 14-5029, 2015 WL 2168374, at *1 (S.D.N.Y. May 7, 2015) (products labeled as "natural" or "all natural").

---

[7] Given Plaintiff's failure to respond to Kraft Heinz's choice of law argument (Mot. at 14–16), this Court should find that New York law applies to Plaintiff's claims. *See, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

Courts regularly dismiss consumer deception claims where, as here, the challenged representations do not communicate the message plaintiffs allegedly took from them. *See* Mot. at 17–19. As the courts in the glyphosate cases correctly found (and Plaintiff fails to persuasively distinguish), the presence of a trace contaminant does not render a "natural ingredients" claim (or even a "natural" claim) misleading. This Court should reach the same conclusion.

**B.    Plaintiff Does Not Plausibly Allege a Basis for Requiring Disclosure.**

Plaintiff's omissions claims should be dismissed because Plaintiff has not alleged any basis to require disclosure: She alleges no facts supporting the foundational premise that PFAS are consistently found in the Product, and she does not plausibly allege Kraft Heinz's knowledge. *See* Mot. at 19–21. Plaintiff ignores the first deficiency and unsuccessfully seeks to rebut the second.

Specifically, Plaintiff suggests her allegation that Kraft Heinz "purports to have a comprehensive food safety and product quality management process across their global supply chain" is sufficient to establish "superior knowledge." Opp'n at 17; AC ¶ 76. But the existence of a general "food safety" process does not establish that Kraft Heinz had knowledge of the supposed presence of PFAS in the Product. Key to a GBL omissions claim is "that the defendant 'possess' the information that the plaintiff claims it improperly withheld." *In re Sling Media Slingbox Advert. Litig.*, 202 F. Supp. 3d 352, 359 (S.D.N.Y. 2016). Accordingly, Plaintiff's omissions claims fail due to Plaintiff's failure to allege knowledge. *See, e.g.*, *Harris v. Pfizer Inc.*, 586 F. Supp. 3d 231, 244 (S.D.N.Y. 2022) (dismissing GBL omissions claim where conclusory allegations did not "plausibly establish that Pfizer knew about any nitrosamine contamination in the medication that the plaintiffs purchased at the time" of purchase); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 309 (N.D.N.Y. 2019) (dismissing GBL omissions claims because the plaintiff "ha[d] not plausibly suggested that Defendant had knowledge of the defect before" her purchase).

Plaintiff also argues Kraft Heinz "may have been required by law to disclose the presence

of PFAS" if PFAS were present at more than "insignificant levels" in the Product per the FDA's incidental additive regulation. Opp'n at 17–18. But Plaintiff cannot invoke this regulation, as she fails to provide any basis to conclude that PFAS are consistently found in the Product *at all*, let alone at more than "insignificant levels." Moreover, an FDA regulation cannot serve as the basis for Plaintiff's GBL claim. *See infra* at 12–13.

### C. Plaintiff Does Not Plausibly Allege Materiality.

Plaintiff does not dispute that her omissions claim also fails absent plausible allegations that the omitted information is material to consumers. *See* Mot. at 21. Rather, Plaintiff argues that her allegations "detail[ing] the dangers of PFAS" generally are sufficient to allege materiality. Opp'n at 18–19 (citing AC ¶¶ 52–53, 74). She is wrong.

The cases Kraft Heinz cited in its Motion, which Plaintiff notably does not address, dictate the result here. In *Parks v. Ainsworth Pet Nutrition, LLC*, the court dismissed the plaintiff's GBL claims on the grounds that the presence of "glyphosate in a dog food product that do[es] not have harmful, 'toxic,' or 'carcinogenic' effects is not likely to affect consumers' decisions in purchasing the product and is thus not material." 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019). And the court in *Herrington* similarly found that the plaintiffs did not sufficiently plead materiality in connection with their claim that the defendants failed to disclose "probable carcinogens and other unsafe substances" in children's bath products because they had "not averred facts that show[ed] that the levels of these substances caused them or their children harm." 2010 WL 3448531, at *1, 8. Here too, Plaintiff does not allege that the levels of PFAS allegedly found in the Product have caused or are likely to cause any harm to consumers. Indeed, Plaintiff does not dispute that the level of PFOA allegedly found in the Product she tested is lower than levels found in public drinking water and the maximum permissible level the EPA intends to set for public drinking water systems. *See* Mot. at 4–5. Plaintiff's conclusory allegations of materiality are thus implausible.

11

### D. Plaintiff Cannot State a GBL Claim Based on Adulteration.

Plaintiff does not dispute that she cannot state a GBL claim premised on "adulteration" absent plausible allegations of deception, as the GBL covers only "[d]eceptive acts or practices" and "[f]alse advertising." GBL §§ 349(a), 350; *see Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 805–06 (S.D.N.Y. 2021). The cases Plaintiff cites do not hold otherwise. *E.g.*, *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017) (GBL claim "fails" when it is based on the violation of another statute "by conduct that is not inherently deceptive").

To avoid dismissal on this basis, Plaintiff asserts a new theory of deception in her Opposition, claiming that Kraft Heinz "either misrepresented its product safety measures[] or . . . deceived Plaintiff and class members by selling a Product it knew was adulterated." Opp'n at 20. This theory cannot salvage Plaintiff's claim. As an initial matter, Plaintiff does not allege that she relied on or even viewed the representations regarding Kraft Heinz's general safety practices. *See* AC ¶¶ 75–77; *see, e.g.*, *Zachmann v. Coleman Co. Inc.*, No. 20-9146, 2022 WL 161480, at *4 (S.D.N.Y. Jan. 18, 2022) (dismissing GBL claims where the plaintiffs did not allege reliance); *Turk v. Rubbermaid Inc.*, No. 21-270, 2022 WL 836894, at *9 (S.D.N.Y. Mar. 21, 2022) (same). Moreover, as Plaintiff alleges no facts suggesting that PFAS are consistently found in the Product, it is entirely possible that Kraft Heinz operated in accordance with its strict safety standards without knowledge of the purported presence of PFAS in the Product Plaintiff allegedly tested.

And even if Plaintiff could premise a GBL claim on adulteration absent deception (which she cannot), she does not plausibly plead that the Product is adulterated in any manner. The parties agree that the relevant regulations declare a food to be adulterated "[i]f it bears or contains any poisonous or deleterious substance which may render it injurious to health." 21 U.S.C. § 342(a)(1); N.Y. Agric. & Mkts. § 200; AC ¶¶ 107, 121; Opp'n at 19. Plaintiff's failure to provide any details

about her alleged testing, coupled with the fact that Plaintiff does not allege PFAS are intentionally added to the Product, negates any basis to conclude that the Products "contain[]" PFAS at all. And as set forth in the Motion, "[t]he 'may render' standard has been interpreted to mean that there is a reasonable possibility of injury to the consumer." *United States v. Anderson Seafoods, Inc.*, 622 F.2d 157, 159 (5th Cir. 1980). Plaintiff does not allege that she was injured by the Product or that consumers face a "reasonable possibility of injury" from its consumption.[8]

Lastly, Plaintiff does not dispute (and thus concedes) that her adulteration claim fails because she does not plausibly allege that the purported "adulteration" caused her economic injury, which is the only injury she alleges. *See* Mot. at 24.

## IV. **Plaintiff's Failure to Disclose Claims Are Preempted.**

Plaintiff's omissions claims are also preempted by The Nutrition Labeling & Education Act ("NLEA"). Plaintiff does not dispute that FDA regulations exempt Kraft Heinz from having to disclose the presence of "[i]ncidental additives that are present in a food at insignificant levels and do not have any technical or functional effect in that food," including "[s]ubstances migrating to food from equipment or packaging or otherwise affecting food that are not food additives as defined in section 201(s) of the act." 21 C.F.R. § 101.100(a)(3)(iii); Opp'n at 21.

Any PFAS allegedly found in the Product would constitute incidental additives that need not be disclosed because (1) Plaintiff does not allege that PFAS have any technical or functional effect in the Product; and (2) Plaintiff fails to allege the actual levels of PFAS in the Product or

---

[8] Plaintiff's cases are inapposite. The *Clinger* plaintiffs did not premise any claims on adulteration. 2023 WL 2477499, at *5–7. The *Henning v. Luxury Brand Partners, LLC* court found only that the plaintiff's adulteration claims were not preempted, not that they were plausible. No. 22-7011, 2023 WL 3555998, at *6 (N.D. Cal. May 11, 2023). And the *Barnes v. Unilever United States Inc.* court did not analyze adulteration allegations because the defendant "concede[d] that [the plaintiff] allege[d] the factual basis of an unfair practices claim—namely, that [the defendant] sold adulterated products." No. 21-6191, 2023 WL 2456385, at *3 (N.D. Ill. Mar. 11, 2023).

any facts suggesting that PFAS are present across all Products, and thus cannot argue that PFAS are found at more than "insignificant levels." Plaintiff cites *Stuve v. Kraft Heinz Co.*, in which the court held that whether phthalates were present in the challenged product at "insignificant levels" was a "question of fact" that could not be resolved on a motion to dismiss. No. 21-1845, 2023 WL 184235, at *7 (N.D. Ill. Jan. 12, 2023). But *Stuve* is distinguishable because the plaintiffs there had alleged specific levels of phthalates in the product, which Plaintiff does not do here. *Id. at* *2.

Plaintiff also suggests her claims are not preempted because "the NLEA expressly exempts safety disclosures from preemption." Opp'n at 21–22. As an initial matter, this would only apply to her failure-to-warn-type claims, which are not sufficiently pleaded. *See* AC ¶¶ 260–61; *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (under Rule 9(b), a plaintiff must "provide the specific . . . content of the . . . omissions"). Further, the carve-out exempts only "warning[s] concerning the safety of the food or component of the food," and Plaintiff does not plausibly allege any safety risk associated with consuming the Product. Pub. L. 101-535, section 6, 104 Stat. 2343 (1990); *see Mills v. Giant of Maryland, LLC*, 441 F. Supp. 2d 104, 109 (D.D.C. 2006) (finding plaintiffs could not invoke carve-out because they did not plausibly allege that the product was unsafe, *i.e.,* "'harmful under the intended conditions of use'"), *aff'd*, 508 F.3d 11 (D.C. Cir. 2007).

## V.    **Plaintiff's Ancillary Claims Fail.**

***Breach of Express Warranty.*** The breach of express warranty claim should be dismissed for failure to plausibly allege deception. *See* Mot. at 16–17 n.6, 26. And Plaintiff does not dispute that her breach of express warranty claim cannot be premised on an omission. *See id.* at 27.

***Magnuson-Moss Warranty Act ("MMWA").*** Plaintiff does not dispute that her MMWA claim fails if she cannot state a plausible breach of warranty claim, or that her MMWA claim cannot be based on a breach of implied warranty because she lacks privity with Kraft Heinz. *Id.* This Court should dismiss Plaintiff's MMWA claim for the additional reason that there are fewer

14

than 100 named plaintiffs in this action. While district courts in the Seventh Circuit are split on this issue, *see Velez v. RM Acquisition, LLC*, No. 21-2779, 2023 WL 3043239, at *4 (N.D. Ill. Apr. 21, 2023), this Court should follow the only published appellate decision on point—*Floyd v. Am. Honda Motor Co.*—which held that "CAFA may not be used to evade or override the MMWA's specific numerosity requirement." 966 F.3d 1027, 1035 (9th Cir. 2020).

**Fraud/Constructive Fraud.** Plaintiff's fraud claims should also be dismissed for failure to plausibly allege deception. *See* Mot. at 16–17 n.6, 27. Further, Plaintiff is wrong that she plausibly pleads fraudulent intent through her allegation that Kraft Heinz's "uniform marketing is intentionally designed to drive sales and increase profits." Opp'n at 24 (quoting AC ¶ 7). Courts have agreed that "a defendant's 'generalized motive to satisfy consumers' desires [or] increase sales and profits'" is "not sufficient to establish fraudulent intent." *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018) (citation omitted); *see also Howze v. Mondelēz Global LLC*, No. 22-351, 2023 WL 122307, at *6 (W.D.N.Y. Jan. 5, 2023) (similar). Finally, even if a plaintiff can state a constructive fraud claim in an "arms-length business relationship" "where the defendant 'misled the plaintiff by false representations concerning the subject of his superior knowledge or expertise,'" that does not help Plaintiff here because, as discussed elsewhere, she does not plausibly allege knowledge. *Cornelia Fifth Ave., LLC v. Canizales*, No. 12-7660, 2016 WL 5390894, at *9 (S.D.N.Y. Sept. 26, 2016) (citation omitted).

**Unjust Enrichment.** Plaintiff agrees her unjust enrichment claim "stand[s] or fall[s]" with her GBL claims. Opp'n at 25 (quoting *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)). Because those claims fail, her unjust enrichment claim should be dismissed as well.

## CONCLUSION

For the foregoing reasons, Kraft Heinz respectfully requests that the Court grant its motion and dismiss Plaintiff's claims with prejudice and without leave to amend.

Dated: June 9, 2023

Respectfully submitted,

By: /s/ Dean N. Panos
        Dean N. Panos (ARDC No. 6203600)
        JENNER & BLOCK LLP
        353 North Clark Street
        Chicago, IL 60654
        Telephone: (312) 222-9350
        Facsimile: (312) 527-0484
        DPanos@jenner.com

        Attorneys for Defendant
        The Kraft Heinz Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed on June 9, 2023 with the Clerk of the Court by using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

Dated: June 9, 2023                    By: _____/s/ Dean N. Panos_____
                                           Dean N. Panos